UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ELIJAH FELDMAN,          :

                    Petitioner,     :

           -against-          :          **REPORT AND RECOMMENDATION**

P. CHAPPIUS, SUPERINTENDENT,     :          15-CV-2853 (AT)(KNF)

                   Respondent.    :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE

Elijah Feldman, proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that: (1) the evidence seized from him and his statements should have been suppressed because they were the fruit of an unlawful search; and (2) the trial court's ruling at the suppression hearing was against the weight of the evidence because it "hinged on the credibility of two police witnesses whose testimony was contradictory, internally inconsistent, and not credible as a matter of law." The respondent opposes the petition, contending that the Fourth Amendment claim is barred from review in this proceeding because the petitioner "took full advantage of his opportunity to litigate this claim in his suppression motion."

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim — (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on

>an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>28 U.S.C. § 2254(d).

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482, 96 S. Ct. 3037, 3046 (1976). A claim that a conviction is against the "weight of the evidence" is a state-law claim based on New York's Criminal Procedure Law § 470.15(5), whereas a claim that a conviction is not supported by legally sufficient evidence is a federal due process claim, based on the Fourteenth Amendment. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990)). Federal habeas corpus relief is warranted only where the evidentiary ruling "so infused the trial with unfairness as to deny due process of law." Id. at 75, 112 S. Ct. at 484 (quoting Lisenba v. California, 314 U.S. 219, 228, 62 S. Ct. 280, 286 (1941)).

The petitioner does not assert that the state court's decision was: (a) contrary to, or involved an unreasonable application of, clearly established federal law; or (b) based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. New York's Criminal Procedure Law Article 710 provides a procedure for litigating Fourth Amendment claims. The petitioner had a full and fair opportunity at his pretrial hearing to litigate his Fourth Amendment claim. Accordingly, the petitioner cannot obtain relief,

through this proceeding, based on his Fourth Amendment claim. See Powell, 428 U.S. at 482, 96 S. Ct. at 3046.

The petitioner did not assert in the state court, nor does he assert in this proceeding, that the evidence supporting his conviction was legally insufficient. The petitioner's claim that the trial court's ruling at the suppression hearing was against the weight of the evidence is a state-law claim not cognizable in this proceeding. Thus, the petitioner cannot obtain relief, through this proceeding, based on that claim. See Estelle, 502 U.S. at 67, 112 S. Ct. at 480.

## RECOMMENDATION

For the foregoing reasons, I recommend that the petition be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres, 500 Pearl Street, Room 2210, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Torres. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude***

*appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
      January 15, 2016

Mailed copy to:

Elijah Feldman

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE