UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
ELIJAH FELDMAN,

                        Petitioner,

        -against-

P. CHAPPIUS, SUPERINTENDENT,

                        Respondent.
--------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/2016

15 Civ. 2853 (AT) (KNF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

      On April 4, 2015, Petitioner, Elijah Feldman, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On May 13, 2015, the matter was referred to Magistrate Judge Kevin Nathaniel Fox. ECF No. 9. Magistrate Judge Fox issued a Report and Recommendation ("R & R") on January 15, 2016, proposing that Petitioner's petition be denied. ECF No. 16. The Court received objections to the R & R from Petitioner postmarked March 30, 2016. ECF No. 23.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Osborne v. Miller*, 557 F. Supp. 2d 435, 438-39 (S.D.N.Y. 2008) ("Reviewing courts should review [an R & R] for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'"). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).

      "*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a[n] [R & R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.*

      Petitioner's objections do not specifically address any portion of the R & R. Instead, Petitioner rehashes his previous arguments and raises new arguments and factual assertions. Accordingly, the Court reviews for clear error.

      The Court has reviewed the thorough and well-reasoned R & R and finds no clear error. The Court ADOPTS the R & R in its entirety, and Petitioner's petition is DENIED.

      The Clerk of Court is directed to close the case and to mail a copy of this order to Petitioner *pro se*.

      SO ORDERED.

Dated: April 27, 2016
       New York, New York

                                            ANALISA TORRES
                                            United States District Judge